Ernesto CHAIDEZ, Petitioner–Appellant,

v.

Mike KNOWLES, Warden, Respondent–Appellee.

No. 03–16240.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 14, 2004.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM **

California state prisoner Ernesto Chaidez appeals *pro se* the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Chaidez contends that the state trial court violated his Sixth Amendment right to assistance of counsel by denying retained counsel's motion to withdraw and by denying his motion to substitute counsel on the eve of trial on account of an alleged attorney conflict of interest. This contention lacks merit.

Nothing in the record suggests that any tension in the attorney-client relationship between Chaidez and trial counsel "resulted in a total lack of communication or other significant impediment." *See Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc). Moreover, Chaidez has failed to demonstrate that trial counsel labored under an actual conflict of interest. *See Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (holding that "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance" in order to show a violation of his Sixth Amendment rights); *see also Belmontes v.*

*Woodford*, 350 F.3d 861, 885 (9th Cir.2003) (noting that "the simple possibility of conflict is insufficient to impugn a criminal conviction" and concluding that counsel's "alleged failings are too speculative to sustain a conflict of interest claim") (internal quotation marks and citation omitted).

Appellant's "Request and Motion to Expand Issues on Appeal; Request to Issue COA on Claim Two," filed on September 4, 2003, is denied.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.